IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 JUL 14  PM 4:53
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
             DEPUTY

SILICON LABORATORIES, INC.,
           Plaintiff,

-vs-                                               Case No. A-14-CA-318-SS

CRESTA TECHNOLOGY
CORPORATION,
           Defendant.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Cresta Technology Corporation (CrestaTech)'s Motion to Dismiss for Lack of Personal Jurisdiction [#20], Plaintiff Silicon Laboratories, Inc.'s Original [#21] and Amended Response [#23], and CrestaTech's Reply [#24]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders GRANTING the motion to dismiss.

### Background

In this patent infringement case, Silicon Labs accuses CrestaTech of infringing three patents related to integrated circuits and silicon television tuners. Specifically, the Complaint accuses CrestaTech's "XC5000" chip, a component part of television tuners manufactured by other companies such as Hauppauge Digital, Inc., and LG, of infringing the patents-in-suit. The parties are presently engaged in similar litigation in the United States District Court for the District of Delaware (a patent infringement action filed by CrestaTech against Silicon Labs), and before the International

Trade Commission (an investigation of Silicon Labs and others requested by CrestaTech), and before the United States Patent and Trademark Office (an *inter partes* review petition filed by Silicon Labs concerning one of CrestaTech's patents asserted in the ITC action).

Silicon Labs filed this lawsuit in the Western District of Texas, Austin Division, where Silicon Labs is headquartered. CrestaTech is a Delaware corporation with its principal place of business in Santa Clara, California. CrestaTech has eighteen employees: fifteen in Santa Clara and three abroad. CrestaTech is not licensed to do business in Texas, has no real property or financial accounts in Texas, has no designated agent for service of process in Texas, and represents it does not direct any marketing or advertising efforts toward Texas. CrestaTech also denies ever selling any XC5000 products in Texas. Because the XC5000 is a component part of larger products, CrestaTech sells XC5000 chips to manufacturers such as Hauppauge outside of Texas. Those manufacturers later sell products containing the chips in major retail stores like Best Buy, Micro Center, Fry's, and Wal-Mart, including in stores in the Western District of Texas.

CrestaTech now moves to dismiss, arguing this Court lacks personal jurisdiction over it because CrestaTech does not have minimum contacts with Texas. Silicon Labs concedes CrestaTech is not subject to general jurisdiction in Texas, but argues Silicon Labs is subject to specific jurisdiction under a stream of commerce theory.

## Analysis

### I.   Legal Standard

In determining whether it is proper to exercise personal jurisdiction over an out-of-state accused infringer, this Court is obligated to "apply the law of the Federal Circuit, rather than that of the regional circuit in which the case arose." *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir.

1995). Personal jurisdiction is proper where the state long-arm statute permits service of process on the defendant and the requirements of due process are satisfied. *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1361 (Fed. Cir. 2006). Because the Texas long-arm statute has been interpreted as extending to the limit of due process, these two inquiries are the same for district courts in Texas. *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003).

In the personal jurisdiction context, the United States Supreme Court has articulated a two-pronged test to determine whether the requirements of due process are satisfied: (1) the nonresident must have "minimum contacts" with the forum state, and (2) subjecting the nonresident to jurisdiction must be consistent with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Breckenridge*, 444 F.3d at 1361. Silicon Labs does not assert CrestaTech is subject to general jurisdiction in this case. Accordingly, the Court looks only to whether the requirements for specific jurisdiction are satisfied.

"The Federal Circuit applies a three prong test to determine if specific jurisdiction exists: (1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010). The plaintiff has the burden to show minimum contacts exist under the first two prongs, but the defendant has the burden of proving the exercise of jurisdiction would be unreasonable under the third. *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003).

In addition to this specific jurisdiction test, or perhaps merely modifying it, the Federal Circuit has also applied the "stream of commerce" theory borne of *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980), and reaffirmed in *Asahi Metal Industry Co. v. Superior Court*, 480

U.S. 102 (1987). *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1566 (Fed. Cir. 1994). In *Asahi*, two four-justice pluralities offered slightly different versions of this theory as a means of establishing the existence of minimum contacts. *Id.*; *see also Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1321 (Fed. Cir. 2005). Justice Brennan, supported by three other justices, argued jurisdiction could be validly exercised over a defendant who placed goods into the stream of commerce so long as the defendant could foresee the goods might end up in the forum state. *See Beverly Hills Fan*, 21 F.3d at 1566 (citing *Asahi*, 480 U.S. at 117). Justice O'Connor, also supported by three other justices, argued there must be "more than the mere act of placing a product in the stream of commerce," endorsing the additional requirement of "'an action of the defendant purposefully directed toward the forum State.'" *Id.* (quoting *Asahi*, 480 U.S. at 112 (emphasis removed)).

The Federal Circuit has repeatedly refused to endorse either articulation of the stream of commerce theory. *See, e.g., id.* ("We need not join this debate here, since we find that, under either version of the stream of commerce theory, plaintiff made the required jurisdictional showing."); *see also AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1364 (Fed. Cir. 2012) ("Thus, *Beverly Hills Fan* counsels that we refrain from taking a position on the proper articulation of the stream-of-commerce theory where the facts of a particular case mandate exercising or declining to exercise personal jurisdiction under any articulation of that theory."). Instead, the Federal Circuit's approach is to determine whether the plaintiff can establish minimum contacts—or has failed to establish minimum contacts—under *both* theories, making the choice between theories unnecessary. *AFTG-TG*, 689 F.3d at 1364. If Justice Brennan's more lenient "foreseeability" test is satisfied but the record is unclear whether Justice O'Connor's more restrictive "additional conduct" test might be

satisfied, jurisdictional discovery is used to give the plaintiff an opportunity to adduce evidence of the "additional conduct." *Id.*; *see also Chi Mei*, 395 F.3d at 1321–22 (remanding to the district court for jurisdictional discovery on this basis). If, after jurisdictional discovery, Justice Brennan's test is satisfied but Justice O'Connor's test is not, district courts are left without guidance because of the appellate courts' inability or unwillingness to articulate a single standard.

## II. Application

Regardless of which stream of commerce theory is applied, the Court holds Silicon Labs has failed to carry its burden of showing personal jurisdiction may be properly exercised over CrestaTech. Silicon Labs's theory rests on the idea CrestaTech, by selling a component part to a manufacturer like Hauppauge, which in turn sells finished products in major national retail stores, can fairly foresee being haled into federal court in Texas. The logic of such a theory would subject CrestaTech to personal jurisdiction in all fifty states by virtue of Hauppauge's conduct. If the Due Process Clause is to be reduced to nothing, as the logic of this position would require, it will not be by this Court's order.

More than a decade ago, this Court expressed similar concerns in the context of a different patent infringement suit. *See Auto Wax, Inc. v. Kasei Kogyo Co., Ltd.*, No. A-00-531-SS, 2001 WL 1891719, at *1–3 (W.D. Tex. Sept. 26, 2001) (Sparks, J.). In *Auto Wax*, a Texas-based plaintiff sought to sue a Japan-based defendant. *Id.* at *1. Kasei, the defendant, was alleged to have exported products from Japan to Mark V, a third party in California, who then sold the products across the United States, including in Texas. *Id.* This Court held the mere act of exporting a product to the United States was insufficient to establish minimum contacts with Texas specifically. *Id.* at *3.

Additionally, this Court held exercising jurisdiction over Kasei would offend traditional notions of fair play and substantial justice, reasoning as follows:

> In short, Texas is only truly convenient for one entity: the plaintiff. The state's interest in protecting its citizens from injury is not significant enough to override the burden on everyone else in this case, particularly when Kasei's connection to Texas is so attenuated. This Court is persuaded by Kasei's argument that were the Court to find sufficient contacts to establish jurisdiction over it, *any* court in the United States where Mark V sold the clay products, where Mark V's buyers then re-sold the products, and so on, would have jurisdiction, until the stream of commerce became one interconnected ocean watering the Due Process Clause down to nothing.

*Id.* The Court shares those same concerns about exercising jurisdiction over CrestaTech based on Hauppauge's decision to sell products containing a CrestaTech component in Texas.

The Federal Circuit's leading decision on this topic, *Beverly Hills Fan*, is not to the contrary. There, the Federal Circuit found jurisdiction proper under a stream of commerce theory based on the defendant's "purposeful shipment of the [allegedly infringing] fans through an established distribution channel" into the forum state. *Beverly Hills Fan*, 21 F.3d at 1565; *see also id.* n.15 (noting the presence of an "established distribution channel is a significant factor" in the stream of commerce analysis). In this case, although Silicon Labs alleges CrestaTech "placed infringing products into the stream of commerce[] through an established distribution channel," the Complaint provides no factual support for that conclusory allegation. *See* Compl. [#1] ¶ 4.[1] Silicon Labs's Response suggests this "distribution channel" is Hauppauge, a third party never mentioned in the Complaint, which purchases XC5000 chips from CrestaTech for incorporation into its own products.

---

[1] This is not, as Silicon Labs suggests, a call for a heightened pleading standard. It is the Supreme Court's interpretation of Rule 8 which allows courts to disregard conclusory allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) ("It is the conclusory nature of respondent's allegations . . . that disentitles them to the presumption of truth.").

There are no pleaded facts suggesting Hauppauge is an "established distribution channel,"[2] or that CrestaTech was specifically targeting the Texas market by selling its components to Hauppauge for incorporation and resale in national retail stores.

Judge Yeakel was recently faced with a similar situation, and concluded personal jurisdiction could not be validly exercised over a Taiwanese company, MediaTek, which exported chips to television manufacturers like Vizio for incorporation into products sold across the United States. *See Freescale Semiconductor, Inc. v. Amtran Tech. Co.*, No. A-12-CV-644-LY, 2014 WL 1603665, at *5–6 (W.D. Tex. Mar. 19, 2014). After allowing jurisdictional discovery, the court declined to exercise personal jurisdiction under either *Asahi*-based stream of commerce theory, holding due process requires more than generally targeting the North American market as a whole. *Id.* Because the patentee's theory "would allow the exercise of personal jurisdiction in every state, not just Texas," the court declined to endorse it as viable. *Id.* at *5.

Similarly, this lawsuit has no business being brought in a federal court in Texas. Texas's connection to this litigation is no more direct than Washington's or North Dakota's or Vermont's, save for the plaintiff's headquarters a few blocks from the federal courthouse in Austin. If the Due Process Clause means anything in the personal jurisdiction context, it must impose real limits on jurisdiction based on the flow of goods in an increasingly fluid and globalized economy. The Court holds the mere fact CrestaTech chips are found in products manufactured by third parties and sold

---

[2] Technically, Hauppauge is not even alleged to "distribute" CrestaTech products. Hauppauge sells its own products, and those products happen to incorporate a CrestaTech component. CrestaTech has no need to "distribute" its chips to consumers at stores like Best Buy or Fry's because consumers have no use for component chips as opposed to functioning products which use those chips. If CrestaTech were to distribute its actual products at all, it would need to distribute them to manufacturers like Hauppauge who can make some use of the products.

in national retail chains is insufficient to subject CrestaTech to the burdens of being haled into court in Texas.

## Conclusion

Accordingly,

IT IS ORDERED that Defendant Cresta Technology Corporation's Motion to Dismiss for Lack of Personal Jurisdiction [#20] is GRANTED;

IT IS FINALLY ORDERED that all claims brought by Plaintiff Silicon Laboratories, Inc. are DISMISSED WITHOUT PREJUDICE.

SIGNED this the 14th day of July 2014.

*[signature]*
SAM SPARKS
UNITED STATES DISTRICT JUDGE